UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TIMOTHY BOICE-DURANT,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | No. 12-603 |
| KENNER POLICE DEPARTMENT, et al.,<br>    Defendants | SECTION "E" |

**ORDER AND REASONS**

Before the Court is defendant Orleans Parish Sheriff's Department's ("the OPSD") Rule 12(b)(6) Motion to Dismiss[1] and defendant Kenner Police Department's ("the KPD") Motion to Dismiss Pursuant to Rule 12(b)(6).[2] For the reasons set forth below, both motions are granted, and Boice-Durant's claims against these two defendants are dismissed with prejudice.

**BACKGROUND**

This dispute arises out of an action filed by plaintiff Timothy Boice-Durant ("Boice-Durant"), proceeding pro se, against a number of local law enforcement agencies, including the OPSD and the KPD, and others. Boice-Durant alleges violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968.[3]

Boice-Durant's original complaint details an alleged assault by unnamed members of the KPD in a Jefferson Parish, Louisiana hotel in August 2007. Boice-Durant makes no allegations against the OPSD in his original complaint. Because Boice-Durant says that the

---

[1] R. Doc. 10.

[2] R. Doc. 12.

[3] R. Doc. 1 (Complaint).

1

basis for the Court's jurisdiction is RICO, the Clerk of Court issued a "RICO Standing Order," requiring Boice-Durant to submit a "RICO Case Statement," setting forth his RICO claims in detail.[4] Boice-Durant filed a response to the RICO Standing Order addressing many of that Order's requirements and providing additional detail about his allegations.[5] This document includes allegations against the OPSD.

Both the OPSD and the KPD now move to dismiss Boice-Durant's claims against them with prejudice. The OPSD states that Boice-Durant has failed to state a cause of action against it upon which relief can be granted, as it is not an entity capable of suing or being sued.[6] The KPD also states that Boice-Durant has failed to state a cause of action against it upon which relief can be granted because it is not an entity capable of suing or being sued.[7] Additionally, the KPD argues that Boice-Durant's claims are time barred.[8]

Boice-Durant filed his opposition to both motions to dismiss in one document.[9] Essentially, he argues that the Court should deny the OPSD's and the KPD's motions because neither department is "above the law," and then goes on to restate the allegations

---

[4] R. Doc. 15.

[5] R. Doc. 23.

[6] R. Doc. 10-1.

[7] R. Doc. 12-1.

[8] The KPD's Motion to Dismiss assumes that Boice-Durant is attempting to bring his action against it and the other police departments named as defendants under 42 U.S.C. § 1983, which makes relief available to those who have suffered a violation of their constitutional rights by a "state actor," such as a municipal police department. The KPD asserts that Boice-Durant's claims came well after the one year statute of limitations period applicable to § 1983 claims had passed. The KPD also argues that even if Boice-Durant's action is in fact a RICO action, as stated in Boice-Durant's complaint, his claims were filed after the four year statute of limitations period applicable to RICO claims had passed.

[9] R. Doc. 26.

2

in his Complaint and in his response to the RICO Standing Order.[10]

## ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a plaintiff's claims if the plaintiff fails to set forth a factual allegation in support of his claim that would entitle him to relief (i.e. for "failure to state a claim"). *See, e.g. Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir. 2007). Those factual allegations "must be enough to raise a right to relief above the speculative level." *Gonzalez v. Kay,* 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Twombly,* 550 U.S. at 555). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[I]f it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed." *Williams v. Recovery School Dist*., 2012 WL 893421, at *2 (E.D. La. 2012) (citing *Twombly,* 550 U.S. at 555; *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 n. 9 (5th Cir. 2007)). In this case, if the OPSD and the KPD are not entities capable of suing or being sued, there is an insurmountable bar to relief, and Boice-Durant's claims against those entities must be dismissed.

---

[10] Boice-Durant's opposition to the motions to dismiss also includes a request for oral argument. The court has deemed oral argument unnecessary, as submission on the pleadings is sufficient.

The capacity of a non-corporate entity to sue or be sued is governed by the law of the state where the district court is located. Fed. R. Civ. P. 17(b)(3). Accordingly, the Court will look to Louisiana law to determine whether the OPSD or the KPD are entities capable of suing or being sued. Under Louisiana law, to possess such capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24. "[I]n the absence of law providing that an entity may sue or be sued, the entity lacks such capacity." *Dantzler v. Pope*, 2009 WL 959508, at *1 (E.D. La. 2009) (citing *City Council of Lafayette v. Bowen*, 649 So.2d 611 (La. App. 3d Cir.1994). In Louisiana, parish sheriff's offices are not entities attributed such legal personality. *See Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988). Likewise, municipal police departments are not legal entities capable of suing or being sued. *Neil v. Schlueter*, 2010 WL 497763, at *4 (E.D. La. 2010).

Neither the OPSD nor the KPD are "juridical persons" under Louisiana law, and thus neither has the capacity to be sued.[11] As a result, Boice-Durant's complaint, to the extent that it seeks relief from these two non-corporate governmental entities, states no facially plausible claim for relief. Indeed, the complaint, on its face, indicates a clear bar to relief

---

[11] RICO imposes liability on any "person" who engages in certain activities as part of an ongoing criminal enterprise. 18 U.S.C. § 1962. RICO defines a "person" as "any individual or entity capable of holding a legal or beneficial interest in property." § 1961(3). Neither a parish sheriff's office nor a municipal police department are persons capable of being sued within the meaning of the RICO statute. *See Kirkendall v. Grambling & Mounce, Inc.*, 4 F.3d 989, at *3 (5th Cir. 1993) (per curiam); *cert denied*, 510 U.S. 1124 (1994) (citing *Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313–14 (5th Cir. 1991)). Likewise, § 1983 imposes liability on any "person" who violates someone's constitutional rights while acting under color of state law. 42 U.S.C. § 1983; *see Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Neither a parish sheriff's office nor a municipal police department are "persons" within the meaning of § 1983. *See Montoya v. Taylor,* 44 F.3d 1005, at *3, n. 1 (5th Cir.1995) (citing *Darby,* 939 F.2d at 313–14).

with respect to the OPSD and the KPD. Boice-Durant has not stated, in his complaint or otherwise, a plausible claim to relief against the OPSD and the KPD. Even accepting the allegations in the complaint as true, as the Court must at this stage, Boice-Durant does not have a valid cause of action against the OPSD or the KPD.

Because it is clear that Boice-Durant has failed to state a cause of action against the OPSD or the KPD, the Court need not address the statute of limitations issues raised by the KPD's motion.

Accordingly, **IT IS ORDERED** that both the OPSD's Motion to Dismiss and the KPD's Motion to Dismiss be and hereby are **GRANTED.**

**IT IS FURTHER ORDERED** that Boice-Durant's claims against the OPSD and the KPD be and hereby are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

New Orleans, Louisiana, this __5th__ day of July, 2012.

                                            **SUSIE MORGAN**
                               **UNITED STATES DISTRICT JUDGE**