UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIMOTHY BOICE-DURANT,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 12-603** |
| **KENNER POLICE DEPARTMENT, et al.,**<br>    **Defendants** | **SECTION "E"** |

## ORDER

Before the Court is defendant Thibodaux Police Department's ("TBD") "Motion to Dismiss Pursuant to Rule 12(b)(6)."[1]

## BACKGROUND

A full recitation of the facts and procedural history in this matter can be found in the Court's July 6, 2012 Order and Reasons,[2] in which the Court granted motions to dismiss filed by defendants Kenner Police Department ("KPD") and Orleans Parish Sheriff's Department ("OPSD"). Essentially, plaintiff Timothy Boice-Durant ("Boice-Durant") alleges that officers from a number of local law enforcement agencies, including the TBD, the KPD, and the OPSD, assaulted him in a Louisiana hotel, and he alleges various violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968. The exact nature of the allegations against the TBD is unclear.

The TBD argues that it is an not entity capable of suing or being sued in its own name, and thus that Boice-Durant's complaint against it should be dismissed for failure to state a claim upon which relief could be granted. The TBD also argues that Boice-Durant's

---

[1] R. Doc. 28.

[2] R. Doc. 27.

1

allegations are time-barred. While Boice-Durant filed an opposition to the virtually identical motions to dismiss filed by the OPSD and the KPD, Boice-Durant has not filed an opposition to the TBD's motion.

## ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a plaintiff's claims if the plaintiff fails to set forth a factual allegation in support of his claim that would entitle him to relief (i.e. for "failure to state a claim"). *See, e.g. Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir. 2007). Those factual allegations "must be enough to raise a right to relief above the speculative level." *Gonzalez v. Kay,* 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[I]f it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed." *Williams v. Recovery School Dist.*, No. 11-1588, 2012 WL 893421, at *2 (E.D.La. Mar. 15, 2012) (citing *Twombly,* 550 U.S. at 555; *Jones v. Bock,* 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 n. 9 (5th Cir. 2007)).

The capacity of a non-corporate entity to sue or be sued is governed by the law of the state where the district court is located. Fed. R. Civ. P. 17(b)(3). Accordingly, the Court looks to Louisiana law to determine whether the TBD is an entity capable of suing or being sued. Under Louisiana law, an entity must qualify as a "natural person" or a "juridical

person" to possess the capacity to sue or be sued. *See, e.g., Dugas v. City of Breaux Bridge Police Dep't,* 99-1320 (La. App. 3 Cir. 2/2/00); 757 So.2d 741, 743. It is clear that the TBD is not a natural person. A juridical person is "an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE. ANN. art. 24. Comment (d) to article 24 also provides that "the capacity of a juridical person is governed by provisions in its charter, governing legislation, and customs." LA. CIV. CODE. ANN. art. 24, cmt. (d). "[I]n the absence of law providing that an entity may sue or be sued, the entity lacks such capacity." *Dantzler v. Pope*, No. 08-3777, 2009 WL 959508, at *1 (E.D.La. Apr. 3, 2009) (citing *City Council of Lafayette v. Bowen*, 94-584 (La. App. 3 Cir. 11/2/94); 649 So.2d 611). In Louisiana, municipal police departments are not juridical persons with a distinct legal existence separate from the municipality, and are thus incapable of suing or being sued. *See, e.g. Boudreax v. Bourgeois*, No. 98-3809, 1999 WL 804080, at *3 (E.D.La. Oct. 7, 1999) (Thibodaux Police Department is not juridical person).

      Just as Boice-Durant's claims against the OPSD and the KPD were dismissed because those entities lacked juridical capacity to sue or be sued, Boice-Durant's claims against the TBD must be dismissed. The TBD is not an entity capable of being sued in its own name, and thus Boice-Durant's complaint states no facially plausible claim for relief against the TBD. Even accepting the allegations in the complaint as true, Boice-Durant does not have a valid cause of action against the TBD. The Court need not address the TBD's arguments that Boice-Durant's allegations are time-barred.

      Accordingly, **IT IS ORDERED** that the TBD's Motion to Dismiss be and hereby is **GRANTED.**

      **IT IS FURTHER ORDERED** that Boice-Durant's claims against the TBD be and

hereby are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

**New Orleans, Louisiana, this** __7th__ **day of August, 2012.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**