UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIMOTHY BOICE-DURANT,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 12-603** |
| **KENNER POLICE DEPARTMENT, et al.,**<br>    **Defendants** | **SECTION "E"** |

## ORDER AND REASONS

Before the Court are two motions filed by plaintiff Timothy Boice-Durant ("Boice-Durant"): (1) Boice-Durant's request for entry of default against defendant "Russell Braud aka Brand" ("Mr. Brand");[1] and (2) Boice-Durant's motion for default judgment against Mr. Brand.[2]  For the reasons set forth below, both motions are denied.

The record reflects that a summons issued was issued to Mr. Brand on March 14, 2013.[3]  The U.S. Marshal served the summons on May 11, 2012 on an individual named Allyson Bourgeois.[4]  Ms. Bourgeois is the Clerk of the Thibodaux City Court. The address listed on the summons is the address for the City Court for the City of Thibodaux, Louisiana.  The purported executed summons was returned on May 22, 2012.[5]

Under Federal Rule of Civil Procedure 4(d), an individual may waive service of process, obviating the need for service on the individual.  FED. R. CIV. P. 4(d).  There is no indication that Mr. Brand waived service of Boice-Durant's complaint.  Under Federal Rule

---

[1] R. Doc. 36.

[2] R. Doc. 37.

[3] R. Doc. 7-3.

[4] R. Doc. 22.

[5] *Id.*

1

of Civil Procedure 4(e), service on an individual who has not waived service may be perfected in the following ways:

> (1) [by] following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) [by] doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e).

The U.S. Marshal's service of the summons on Ms. Bourgeois at the Thibodaux City Court did not comply with any of the options under Rule 4(e). Mr. Brand was not personally served with the summons, nor was the summons left at Mr. Brand's dwelling or usual place of abode. Furthermore, there is no evidence Mr. Brand appointed Ms. Bourgeois as his agent for service of process, and nothing in the relevant federal or state service rules provides for a clerk of court to act as an agent authorized to accept service of process for an individual at the clerk's place of business. Finally, Louisiana law[6] does not

---

[6] Under Rule 4(e)(1), the Court looks to the service rules of the state in which the Court sits and the state in which service was to be accomplished to determine what methods of service are permitted in that (or either) state. This Court sits in the State of Louisiana, and service was to be accomplished in the State of Louisiana, so the Court looks to Louisiana's service rules to determine whether the method service utilized in this case was permitted under state law.

provide for service in the manner in which service was executed in this case. Louisiana Code of Civil Procedure articles 1201-1203 and 1231-1237 provide the state rules with respect to service on individuals. Nothing in these Code sections provides for the acceptance of service, on behalf of an individual, by a clerk of court. In addition, the Court's research has not revealed any other Louisiana service rule that would permit service of the kind executed in this case.

Because the U.S. Marshal's purported service of the summons on Mr. Brand did not comply with Rule 4(e), service was never perfected on Mr. Brand, timely or otherwise. The entry of a clerk's default under Rule 55(a) is predicated on a defendant's failure to timely respond to a plaintiff's complaint, and thus effective service is a prerequisite to the entry of a clerk's default. *See, e.g., Maryland State Firemen Assoc. v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant."). In the absence of effective service on Mr. Brand, Boice-Durant's requested entry of default against Mr. Brand is not appropriate. Accordingly, **IT IS ORDERED** that Boice-Durant's motion for entry of default be and hereby is **DENIED.**

Because Boice-Durant's motion for entry of default is denied, his motion for default judgment must also be denied. *See* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2682 (3d ed. 1998) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).") Accordingly, **IT IS FURTHER ORDERED** that Boice-Durant's motion for default judgment under Rule 55(b)(1) be and hereby is **DENIED.**

**IT IS FURTHER ORDERED** that Boice-Durant shall show good cause, in writing,

why his claims against Mr. Brand should not be dismissed, pursuant to Rule 4(m), for failure to timely serve his complaint on Mr. Brand. Boice-Durant's written response to this show cause order shall be filed no later than **May 3, 2013,** and the document must be received by this Court by May 3, 2013 to be considered timely. Failure to comply with this deadline will result in the dismissal of Boice-Durant's claims against Mr. Brand.

**New Orleans, Louisiana, this** 28th **day of March, 2013.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**