UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIMOTHY BOICE-DURANT,**  Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **No. 12-603** |
| **KENNER POLICE DEPARTMENT, et al.,**  Defendants | **SECTION "E"** |

### ORDER

Before the Court are two motions filed by plaintiff Timothy Boice-Durant ("Boice-Durant").[1] Boice-Durant's motions are difficult to discern. It appears Boice-Durant is seeking preliminary injunctive relief under Federal Rule of Civil Procedure 65,[2] but the Court cannot determine the legal or factual basis upon which Boice-Durant is requesting injunctive relief or against whom that injunctive relief is sought. A plaintiff may obtain a preliminary injunction only after establishing four things: (1) that there is a "substantial likelihood" the plaintiff will prevail on the merits; (2) that there is a "substantial threat" the plaintiff will suffer "irreparable harm" if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the defendant; and (4) that the granting of the preliminary injunction or temporary restraining order will not "disserve the public interest." *Tex. Med. Providers Performing Abortion Servs. v. Lakey*, 667 F.3d 570, 574 (5th Cir.2012). The decision to grant or deny a preliminary injunction application lies within the sound discretion of the district court. *Planned Parenthood of Hous. & Se. Tex.*

---

[1] *See* R. Doc. 38; R. Doc. 39.

[2] Boice-Durant labels his motions as requests for temporary restraining orders, but, because Boice-Durant is seeking relief that would last for more than fourteen days, the Court construes Boice-Durant's motions as requests for preliminary injunctive relief. *See* FED. R. CIV. P. 65(b)(2).

*v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005). Because Boice-Durant has not satisfied any of requirements for obtaining injunctive relief, the Court, in its discretion, denies Boice-Durant's requests for injunctive relief.

Accordingly, **IT IS ORDERED** that Boice-Durant's motions, construed as requests for preliminary injunctive relief, be and hereby are **DENIED.**

In addition to his requests for injunctive relief, the Court has identified two other requests for relief in Boice-Durant's motions: (1) a request to "seal this case pursuant to the National Security Agency deeming the information classified," contained in the first motion; and (2) a request to have counsel for defendant Orleans Parish Sheriff's Department removed from this case, contained in the second motion. As with his requests for injunctive relief, Boice-Durant has not provided the Court with any legal or factual basis upon which to grant either of these requests.

Accordingly, **IT IS FURTHER ORDERED** that Boice-Durant's motions, construed as a motion to seal and a motion to disqualify, be and hereby are **DENIED.**

New Orleans, Louisiana, this __29th__ day of March 2013.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**