UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TIMOTHY BOICE-DURANT,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | No. 12-603 |
| KENNER POLICE DEPARTMENT, et al.,<br>    Defendants | SECTION "E" |

## ORDER AND REASONS

Before the Court are two motions filed by plaintiff Timothy Boice-Durant ("Boice-Durant"): (1) a "Motion to Reconsider RICO/Restated Complaint without Prejudice and Adjoin Motion to Vacate/Amend"[1] (the "Motion to Reconsider"); and (2) a "Motion to Vacate and Ammend [sic]"[2] (the "Motion to Vacate and Amend"). The Kenner Police Department and the Thibodaux Police Department both oppose the Motion to Reconsider.[3] For the reasons set forth below, the Motion to Reconsider is denied. The Motion to Vacate and Amend is granted in part and denied in part, as set forth herein.

## BACKGROUND

While the exact nature of the relief sought by Boice-Durant in the Motion to Reconsider and the Motion to Vacate and Amend is unclear, it appears Boice-Durant is requesting the Court vacate its July 5, 2012 Order dismissing Boice-Durant's claims against the Orleans Parish Sheriff's Department and the Kenner Police Department (the "July 5th

---

[1] R. Doc. 42.

[2] R. Doc. 43.

[3] *See* R. Doc. 44 (Kenner Police Department's opposition); R. Doc. 45 (Thibodaux Police Department's opposition). The Orleans Parish Sheriff's Department did not file any opposition to Boice-Durant's motions.

1

Order")[4] and to vacate the Court's August 7, 2012 Order dismissing Boice-Durant's claims against the Thibodaux Police Department(the "August 7th Order").[5] Boice-Durant also seeks to amend his complaint by removing the Orleans Parish, Kenner, and Thibodaux Police Departments as defendants in this case, by adding fifteen individual police officers employed by these municipal police departments as defendants, in place of the departments themselves, and to add a new cause of action against these individual officers.

In support of his motion to vacate the July 5th Order and the August 7th Order, Boice-Durant argues his claims are not time-barred, as argued by the police departments in their respective motions to dismiss, because the "police brutality" that is the subject of this lawsuit is ongoing. Boice-Durant also claims he was never served with the Thibodaux Police Department's motion to dismiss. In support of his motion to amend his complaint by adding individual officers as defendants instead of municipal entities, Boice-Durant explains he is attempting to rectify the juridical capacity issues in his original complaint that led to the dismissal of his claims against those entities.

In its opposition to the Motion to Reconsider, the Kenner Police Department argues the motion is untimely under Rule 59(b) and that Boice-Durant has not provided any valid

---

[4] R. Doc. 27. In the July 5 Order, the Court dismissed Boice-Durant's claims against the Orleans Parish Sheriff's Department and the Kenner Police Department because the two entities, both of which are municipal law enforcement agencies, are not juridical entities capable of suing or being sued under Louisiana law, and thus Boice-Durant's complaint failed to state a cause of action for which relief may be granted against either entity. *Id*. The Orleans Parish Sheriff's Department and the Kenner Police Department both also argued that Boice-Durant's claims were barred by the applicable statutes of limitations, but the Court did not reach the timeliness issue in the July 5th Order. *Id*.

[5] R. Doc. 31. In the August 7th Order, the Court dismissed Boice-Durant's claims against the Thibodaux Police Department for the same reason his claims against the Orleans Parish Sheriff's Department and the Kenner Police Department were dismissed: the Thibodaux Police Department is not a juridical entity under Louisiana law. *Id*. As with the July 5th Order, the Court did not reach the statute of limitations issues raised in the Thibodaux Police Department's motion to dismiss. *Id*.

reason for the Court to vacate or otherwise reconsider the July 5th Order under Rule 59(e). The Kenner Police Department requests that Boice-Durant's motions be denied and also that the Court impose sanctions, in the form of attorney's fees and costs, against Boice-Durant for his "bad faith conduct" in continuing to pursue a "frivolous and malicious action." In the alternative, the Kenner Police Department requests that Boice-Durant's pauper status be revoked, thus forcing him to pay for any future filings. The Thibodaux Police Department's opposition is virtually identical to the opposition filed by the Kenner Police Department, except it does not argue Boice-Durant's motion to reconsider is untimely. The Thibodaux Police Department also requests sanctions. None of the defendants have responded to Boice-Durant's request to amend his complaint.

## ANALYSIS

Boice-Durant's motions seek two distinct remedies: (1) an Order vacating the July 5th Order and the August 7th Order; and (2) an Order granting Boice-Durant leave to amend his complaint to add new defendants and a new cause of action. The Court will address each of these issues in turn.

### I. There is No Basis for the Court to Reconsider or Vacate the July 5th Order or the August 7th Order

As recognized by the Kenner Police Department and the Thibodaux Police Department, a timely filed motion to reconsider an interlocutory order[6] is evaluated under the same standard as a motion to alter or amend a final judgment brought pursuant to Rule

---

[6] An interlocutory order is an order that resolves some, but not all, of a plaintiff's claims. *See* 28 U.S.C. 1292(b); *see also* FED. R. CIV. P. 54(b). Boice-Durant's claims against the law enforcement agencies were dismissed in the July 5th Order and the August 7th Order, but because neither the July 5th Order nor the August 7th Order dismissed all Boice-Durant's claims against all defendants, the July 5th Order and the August 7th Order are both interlocutory orders.

59(e) of the Federal Rules of Civil Procedure. *See, e.g. Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at * 3–4 (E.D. La. Apr. 5, 2010) ("The general practice of this court has been to evaluate motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment."). A Rule 59(e) motion must be filed within twenty-eight days of the entry of judgment. *See* FED. R. CIV. P. 54(b). A motion to reconsider filed outside this 28 day window is evaluated under the standards governing a motion for relief from final judgment under Rule 60(b). *Stangel v. United States*, 68 F.3d 857, 859 (5th Cir. 1995) ("[a]lthough motions for reconsideration or rehearing are typically treated as FED. R. CIV. P. 59(e) motions, motions for reconsideration or rehearing served more than [28] days after the judgment are generally decided under Rule 60(b)"); *see also Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012) (depending on the time of filing, a motion to reconsider "is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule60(b)").

A Rule 59(e) motion calls into question the correctness of a judgment. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citations and internal quotations omitted). In deciding motions under Rule 59(e), the Court considers the following:

> (1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;

> (2)   whether the movant presents new evidence;
>
> (3)   whether the motion is necessary in order to prevent manifest injustice; and
>
> (4)   whether the motion is justified by an intervening change in the controlling law.

*Castrillo*, 2010 WL 1424398, at *4.  "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *SPE FO Holdings, LLC v. Retif Oil & Fuel, LLC*, No. 07–3779, 2008 WL 3285907, at *3 (E.D. La. Aug. 6, 2008).  "A district court has considerable discretion to grant or deny a motion for new trial under Rule 59." *Kelly v. Bayou Fleet, Inc.*, No. 06–6871, 2007 WL 3275200, at *1 (E.D. La. Nov. 6, 2007).

     A Rule 60(b) motion also calls into question the correctness of a judgment.  Under Rule 60(b), the Court may "relieve a party from a final judgment" for one of six enumerated reasons:

> (1)   mistake, inadvertence, surprise, or excusable neglect;
>
> (2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3)   fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4)   the judgment is void;
>
> (5)   the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6)   any other reason that justifies relief.

FED. R. CIV. P. 60(b).  The district court enjoys broad discretion in assessing whether any

of these reasons are present in a given case. *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir.1991). All Rule 60(b) motions must be brought within a "reasonable time" after judgment, and motions brought pursuant Rule 60(b)(1), (2), and (3) must be brought within one year of the judgment or order. FED. R. CIV. P. 60(c); *see also Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 305 (5th Cir. 2007).

Boice-Durant's motions to reconsider/vacate the July 5th Order and the August 7th Order were filed on August 16, 2012 and August 20, 2012. As a result, to the extent Boice-Durant seeks reconsideration and/or vacation of the July 5th Order, his request is evaluated under Rule 60(b). To the extent Boice-Durant seeks reconsideration and/or vacation of the August 7th Order, his request is evaluated under Rule 59(e). This distinction is of no moment in this case, however, because Boice-Durant has not satisfied the requirements of either Rule 59 or Rule 60. Neither the Motion to Reconsider nor the Motion to Vacate and Amend present any valid grounds for vacating or reconsidering the July 5th Order or the August 7th Order. Boice-Durant has provided the Court with no new evidence; he has not demonstrated any manifest error of fact or law on the part of the Court; he has not brought forth evidence of any mistake or neglect on his part or fraud on the part of any other party; he has not demonstrated his motion is necessary to prevent a manifest injustice; there has been no intervening change in the controlling law; the judgments are not void, nor have they been satisfied, released, or discharged; and he has not provided any other legal or equitable reason why the Court should grant him the relief he seeks.

Boice-Durant's only argument is that his claims are not time-barred, but the Court explicitly declined to reach this issue in the July 5th Order and the August 7th Order because it was unnecessary to do so. Because Boice-Durant has not provided any reason

why the Court's granting of the motions to dismiss for lack of juridical capacity should be vacated, altered, or amended, the Court still does not need to address the statute of limitations issue. Boice-Durant has not provided any basis for relief under Rule 59 and 60.

Accordingly, **IT IS ORDERED** that the Motion to Reconsider and the Motion to Vacate and Amend be and hereby are **DENIED** to the extent those motions seek to have the July 5th Order and/or the August 7th Order vacated, altered, or amended.

## II.     The Requests for Sanctions are Denied

The Court now turns to the requests for sanctions filed by the Kenner Police Department and the Thibodaux Police Department. Rule 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). While Rule 54(d) creates a presumption that the prevailing party will be awarded costs, the district court has discretion in deciding whether to award such costs. *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006), *cert. denied*, 549 U.S. 888 (2006). The Court finds the imposition of costs against Boice-Durant to be inappropriate in this case. In exercising its discretion to deny the defendants' requests to impose costs, the Court recognizes a losing party's indigency is not a reason, in and of itself, to allow the losing party to avoid the presumption that he must pay the prevailing party's costs. *See* 28 U.S.C. § 1915(f)(1) ("judgment may be rendered for costs at the conclusion of the suit or action [in which a party proceeds *in forma pauperis*] as in other cases."); *see also Calton v. City of Garland*, 170 Fed. App'x. 338 (5th Cir. 2006); *Shaw v. Hardberger,* No. 06-751, 2010 WL 1424726, at *1 (W.D. Tex. April 7, 2010), *appeal dismissed*, 2011 WL 1519134 (5th Cir. Apr. 21, 2011); *but see Magee v. Crowe*, No. 09-167, 2011 WL 1437183, at *7 (E.D. La. Apr. 14, 2011) (Roby, M.J.) (denying

prevailing party's request for costs because of losing party's indigency). At this stage in the proceedings, however, the circumstances are such that an award of costs is not appropriate.

Likewise, the Court will not revoke Boice-Durant's pauper status at this time. Should circumstances change, the Court will re-visit the issue of Boice-Durant's pauper status and/or obligation to pay status if necessary. Finally, there is no basis for an award of attorney's fees in this case. *See, e.g., Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240 (1975) (parties are generally responsible for their own attorney's fees unless a statute expressly provides otherwise).

Accordingly, **IT IS FURTHER ORDERED** that the Kenner Police Department's and the Thibodaux Police Department's requests for costs, fees, and other sanctions be and hereby are **DENIED.**

### III. Boice-Durant is Granted Leave to Amend

As explained above, with his Motion to Vacate and Amend Boice-Durant appears to request, among other things, leave of Court to amend his complaint to add individual members of the Orleans Parish Sheriff's Department, the Kenner Police Department, and the Thibodaux Police Department as defendants in this case, and to assert a new cause of action not previously asserted in any of Boice-Durant's other pleadings.[7] No party has filed any opposition to Boice-Durant's request for leave.

Federal Rule of Civil Procedure 15(a)(2) provides that after the twenty-one day window for amending as a matter of course has closed, "a party may amend its pleading only with the opposing party's written consent or the court's leave," but that "the court

---

[7] Boice-Durant also requests the Orleans Sheriff's Department, the Kenner Police Department, and the Thibodaux Police Department be removed as defendants. Because these defendants have already been dismissed, this aspect of Boice-Durant's motion is moot.

8

should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Rule 15(a)'s liberal amendment policy places the decision to grant or deny leave to amend squarely within the district court's discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962). That said, Rule 15(a) "evinces a bias in favor of granting leave to amend," and thus leave must be freely given in the absence of a "substantial reason to deny the leave to amend." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597-98 (5th Cir. 1981). Without a substantial reason to deny leave, the district court's discretion is not broad enough to permit denial. *Id.* Potentially "substantial" reasons to deny leave include:

> [U]ndue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.

*Foman*, 371 U.S. at 182; *see also Dussouy*, 660 F.2d at 598.

The Court finds there is no substantial reason to deny Boice-Durant, a plaintiff proceeding *pro se*, leave to amend his complaint. There is no evidence of undue delay, bad faith, or dilatory motive on the part of Boice-Durant; this request is Boice-Durant's first request to amend his complaint and cure the deficiencies that caused certain of his claims to be dismissed; there is no indication any defendant will suffer prejudice if Boice-Durant is allowed to amend his complaint; and there is no indication Boice-Durant's amendment is futile.

Accordingly, **IT IS FURTHER ORDERED** that the Motion to Vacate and Amend be and hereby is **GRANTED** to the extent Boice-Durant seeks leave to file an amended complaint.

**IT IS FURTHER ORDERED** that Boice-Durant shall file an amended complaint

naming the fifteen individuals listed in the Motion to Vacate and Amend as defendants no later than **May 3, 2013,** at **5:00 p.m.** Boice-Durant's amended complaint must be received by this Court by May 3, 2013 to be considered timely. Failure to comply with this deadline may result in Boice-Durant not being allowed to file his amended complaint.

Boice-Durant need not amend his complaint with respect to defendant "Russell Braud aka Brand" ("Mr. Brand"), as Boice-Durant has already asserted his claims against Mr. Brand and does not need to repeat those claims in another pleading. That said, the Court reiterates that Boice-Durant has not effectively served Mr. Brand with a copy of the first complaint.[8] In accordance with the Court's March 28, 2013 Order, Boice-Durant must show good cause, in writing, why his claims against Mr. Brand should not be dismissed for failure to timely serve under Rule 4(m) no later than **May 3, 2013,** at **5:00 p.m**. Boice-Durant's response to the show cause order must be received by this Court by May 3, 2013 to be considered timely. As explained in the March 28, 2013 Order, failure to comply with this deadline will result in the dismissal of Boice-Durant's claims against Mr. Brand.

New Orleans, Louisiana, this __29th__ day of March 2013.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[8] *See* R. Doc. 47 (because the U.S. Marshal's purported service of the summons issued to Mr. Brand on the clerk of the Thibodaux City Court did not comply with federal or state law, Boice-Durant has yet to perfect service of his first complaint on Mr. Brand).