## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIMOTHY BOICE-DURANT,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 12-603** |
| **KENNER POLICE DEPARTMENT, et al.,**<br>    **Defendants** | **SECTION "E"** |

### ORDER AND REASONS

Before the Court are two motions filed by plaintiff Timothy Boice-Durant ("Boice-Durant"): (1) Boice-Durant's request for reconsideration[1] of the Court's March 28, 2013 Order (the "March 28 Order"),[2] in which the Court denied Boice-Durant's motion for an entry of default[3] and Boice-Durant's motion for default judgment[4] against defendant Russell Braud ("Mr. Braud"); and (2)  Boice-Durant's motion for a "Federal Order of Restraint."[5]  For the reasons set forth below, both motions are denied.

### I.    Boice-Durant's Motion to Reconsider

As the Court explained in the March 28 Order, Boice-Durant served a copy of his complaint against Mr. Braud on Allyson Bourgeois, the Clerk of the City Court for the City of Thibodaux, Louisiana.  The Court explained that this is not sufficient under federal or state law regarding service on an individual, and, because Boice-Durant had yet to perfect service on Mr. Braud, neither an entry of default nor a default judgment against Mr. Braud

---

[1] R. Doc. 50.

[2] R. Doc. 47.

[3] R. Doc. 36.

[4] R. Doc. 37.

[5] R. Doc. 65.

1

was appropriate. In his motion to reconsider, Boice-Durant now argues that Ms. Bourgeois is the secretary of Mark Chiasson, a Thibodaux City Court judge and an attorney who represented Mr. Braud in the past. However, not only has Boice-Durant failed to provided any evidence that Ms. Bourgeois is, in fact, Mr. Chiasson's secretary, the Court notes that even if she is Mr. Chiasson's secretary, Boice-Durant's service of the complaint on Ms. Bourgeois is nevertheless insufficient because there is no proof that Ms. Bourgeois or Mr. Chiasson is Mr. Braud's agent for service of process. As a result, Boice-Durant has yet to perfect service on Mr. Braud, and thus there is no basis for the Court to reconsider the March 28 Order denying Boice-Durant's motions for entry of default and default judgment against Mr. Braud.

Accordingly, **IT IS ORDERED** that Boice-Durant's motion to reconsider be and hereby is **DENIED.**

In the March 28 Order, the Court ordered Boice-Durant to show good cause why his claims against Mr. Braud should not be dismissed under Rule 4(m) for failure to perfect timely service of his complaint on Mr. Braud. The Court construes Boice-Durant's motion to reconsider as a timely filed written response to this show cause order. However, the Court reiterates that Boice-Durant still has not perfected service on Mr. Braud under Rule 4(e). The Court will give Boice-Durant one final opportunity to perfect service of his complaint on Mr. Braud under any of the four options contained in Rule 4(e).[6]

---

[6] Rule 4(e) provides that

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1)    following state law for serving a summons in an action brought in courts of general jurisdiction in the state

Accordingly, **IT IS FURTHER ORDERED** that, no later than **August 1, 2013**, Boice-Durant shall file into the record a return of service demonstrating that service on Mr. Braud has been perfected under Rule 4(e).  Failure to comply with this deadline will result in Boice-Durant's claims against Mr. Braud being dismissed under Rule 4(m).

## II.    Boice-Durant's Motion for Federal Order of Restraint

This is the third motion Boice-Durant has filed seeking relief under Federal Rule of Civil Procedure 65.  As with Boice-Durant's first and second motions,[7] which sought preliminary injunctive relief under Rule 65(a), instead of a temporary restraining order under Rule 65(b) as sought in the instant motion, Boice-Durant's motion is difficult to understand.  It appears Boice-Durant is requesting the Court issue an order restraining certain of the defendants from using their police radios, but the Court cannot discern any legal or factual basis for such an order.  Furthermore, Boice-Durant's motion does not comply with the technical requirements for the issuance of a restraining order under Rule

---

where the district court is located or where service is made; or

(2) doing any of the following:

    (A)    delivering a copy of the summons and of the complaint to the individual personally;

    (B)    leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

    (C)    delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e).

[7] *See* R. Doc. 38; R. Doc. 39.

3

65(b).

Accordingly, **IT IS FURTHER ORDERED** that Boice-Durant's motion for a "Federal Order of Restraint" be and hereby is **DENIED.**

**New Orleans, Louisiana, this** __17th__ **day of June, 2013.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

4