## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIMOTHY BOICE-DURANT,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 12-603** |
| **KENNER POLICE DEPARTMENT, et al.,**<br>    **Defendants** | **SECTION "E"** |

### ORDER AND REASONS

Before the Court are two motions filed by *pro se* plaintiff Timothy Boice-Durant ("Boice-Durant") requesting to inform the Court, to stay proceedings, and to sanction opposing counsel.[1] Defendant Steve Caraway opposes Boice-Durant's motions.[2] For the following reasons, Boice-Durant's motions are **DENIED**.

Boice-Durant asks the Court to stay proceedings in the case "until the FBI has completed public corruption investigations of the NYPD and defendants."[3] A Court has broad discretion to stay proceedings as an incident to its power to control its own docket. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997). Boice-Durant, as the party requesting the stay, bears the burden of showing that the circumstances justify an exercise of that discretion. *See Nken v. Holder*, 556 U.S. 418 (2009). In deciding whether or not to issue a stay, a district court considers: "(1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay

---

[1] R. Doc. 119. Although Boice-Durant submitted one pleading, his filing contains two successive motions. The first motion seeks to inform the Court and to stay proceedings. The second motion seeks to inform the Court, stay proceedings, and to sanction opposing counsel.

[2] R. Doc. 120, R. Doc. 121.

[3] R. Doc. 119, pp. 1, 6.

will reduce the burden of litigation on the parties and on the court." *Grice Engineering, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010).

The Court does not find any compelling reason to stay the proceedings. Boice-Durant, bearing the burden of showing the circumstances justify a stay, has not demonstrated how an FBI investigation impacts his present lawsuit or why the investigation necessitates a stay. Accordingly, **IT IS ORDERED** that Boice-Durant's request to stay proceedings be and hereby is **DENIED**.

Boice-Durant asks the Court to sanction opposing counsel for sending him "unnecessary emails making light of [the] public corruption investigations."[4] Federal Rule of Civil Procedure 11 provides for sanctions against attorneys. Under Rule 11, a party may move for sanctions if an attorney fails to conduct a reasonable inquiry into the law and facts underlying his motion, or if he makes a motion to delay, harass, or increase the costs of litigation. *See Thomas v. Capital Sec. Servs., Inc.*, 812 F.2d 984, 988 (5th Cir. 1987).[5] Boice-Durant has not shown that Defendant's counsel's emails violated Rule 11. Accordingly, **IT IS FURTHER ORDERED** that Boice-Durant's request to sanction opposing counsel be and hereby is **DENIED.**

Boice-Durant also seeks to notify the Court of a pending FBI investigation. The

---

[4]R. Doc. 119, p. 6.

[5]Rule 11 provides: "By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney ... is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law..." Fed. R. Civ. P. 11.

exhibits attached to Boice-Durant's motion are already in the record.[6] Accordingly, **IT IS FURTHER ORDERED** that Boice-Durant's request to inform the Court be and hereby is **DENIED.**

**New Orleans, Louisiana, this 18th day of February, 2014.**

*(signature)*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[6] *See* R. Doc. 123.