## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TIMOTHY BOICE-DURANT, | CIVIL ACTION |
|     Plaintiff | |
| | |
| VERSUS | No. 12-603 |
| | |
| KENNER POLICE DEPARTMENT, et al., | SECTION "E" |
|     Defendants | |

### ORDER AND REASONS

Before the Court is defendant Kenner Police Chief Steve Caraway's ("Chief Caraway") Motion to Dismiss Pursuant to Rule 12(b)(6)[1] and defendant Orleans Parish Sheriff Marlin Gusman's ("Sheriff Gusman") Motion to Dismiss Pursuant to Rule 12(b)(6).[2] Plaintiff, Timothy Boice-Durant, ("Boice-Durant") opposes both motions.[3]

### BACKGROUND

This dispute arises out of an action filed by Boice-Durant, proceeding *pro se*, against a number of state and local law enforcement agencies and individuals under the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, *et seq.*[4] Boice-Durant alleges the defendants engaged in a pattern of RICO activity including but not limited to: murder for hire, kidnaping, arson, distribution of controlled substances, exploitation of minors, terrorism, cyberterrorism, harboring terrorists, mail fraud, wire fraud, obstruction of justice, and forgery and false use of passports.[5]

---

[1]R. Doc. 122.

[2]R. Doc. 135.

[3]R. Doc. 142.

[4]R. Doc. 53.

[5]R. Doc. 53, p. 24.

Chief Caraway and Sheriff Gusman both filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing Boice-Durant's complaint fails to state a plausible claim against them.[6] Chief Caraway and Sheriff Gusman also assert Boice-Durant's action is frivolous and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).[7]

## ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a plaintiff's claims if the plaintiff fails to set forth a factual allegation in support of his claim that would entitle him to relief (i.e. for "failure to state a claim").  *See, e.g. Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir. 2007).  Those factual allegations "must be enough to raise a right to relief above the speculative level." *Gonzalez v. Kay,* 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Twombly,* 550 U.S. at 555).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "[I]f it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed." *Williams v. Recovery School Dist.,* No. 11-1588, 2012 WL 893421, at *2 (E.D.La. Mar. 15, 2012) (citing *Twombly,* 550 U.S. at 555; *Jones v. Bock,* 549 U.S. 199, 215 (2007); *Carbe v. Lappin,* 492 F.3d 325, 328 n. 9 (5th Cir. 2007)).

RICO claims under § 1962 have three common elements: "(1) a person who engages

---

[6]R. Doc. 122, p. 3; R. Doc. 135, p. 8.

[7]R. Doc. 122, p. 5; R. Doc. 135, p. 6.

in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *Abraham v. Singh* 480 F.3d 351, 355 (5th Cir. 2007)(internal citations omitted). Each of RICO's essential elements "is a term of art which carries its own inherent requirements of particularity." *Elliot v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989). In order to establish a "pattern of racketeering activity" a plaintiff must allege two or more predicate criminal acts that are (1) related and (2) "amount to or pose a threat of continued criminal activity." *Id.* (citations omitted). The definition of an "enterprise" includes "a group of persons associated together for a common purpose of engaging in a course of conduct" and an "ongoing organization, formal or informal [with] … various associates function[ing] as a continuing unit." *United States v. Turkette*, 452 U.S. 576, 583 (1981). Further, an "enterprise" is "an entity separate and apart from the pattern of activity in which it engages." *Id.* An enterprise is not established merely by proof of a series of racketeering acts. Instead, an enterprise has three elements: "(1) a common or shared purpose; (2) some continuity of structure and personnel; and (3) and ascertainable structure distinct from that inherent in a pattern of racketeering." *Atlas Pile Driving Co. v. DiCon Fin. Co.* 886 F.2d 986, 995 (8th Cir. 1989).

In their motions, Chief Caraway and Sheriff Gusman argue Boice-Durant has not pled sufficient facts to state a claim for relief under RICO. Boice-Durant's complaint contains numerous allegations accusing a variety of defendants of committing a vast array of wrongdoings, ranging from kidnaping, assault and rape, to distributing controlled substances, murder for hire, fraud and obstruction of justice. While *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981), Boice-Durant's complaint nevertheless fails

3

to state any comprehensible or plausible claim for relief against Chief Caraway and Sheriff Gusman under RICO. Although Boice-Durant characterizes the defendants collectively as an "enterprise," he has failed to allege any facts demonstrating the defendants had any common purpose, continuity of structure and personnel, or a distinct structure apart from the alleged racketeering activity. Boice-Durant's complaint merely lists a series of predicate offenses and wrongdoings allegedly committed by the defendants and conclusively states they are a part of an enterprise. Because Boice-Durant's complaint contains mere labels and conclusions regarding the nature of the relationship between the defendants, his allegations do not provide a comprehensible factual basis for relief under RICO. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."). Accordingly, the motions to dismiss filed by Chief Caraway and Sheriff Gusman must be granted.

The Court also notes the arguments set forth by Chief Caraway and Sheriff Gusman that Boice-Durant's action should be dismissed as frivolous under 28 U.S.C. § 1915(e)(2) because Boice-Durant is proceeding *in forma pauperis*.[8] The Court finds it appropriate to refer this issue to Magistrate Judge North for a Report and Recommendation determining whether or not the entirety of Boice-Durant's remaining claims should be dismiss as frivolous under 28 U.S.C. § 1915(e)(2).

## CONCLUSION

For the above stated reasons, **IT IS ORDERED** that both Chief Caraway's Motion to Dismiss and Sheriff Gusman's Motion to Dismiss be and hereby are **GRANTED**.

---

[8] *See* R. Doc. 6.

**IT IS FURTHER ORDERED** that the issue of frivolousness under 28 U.S.C. § 1915(e)(2) shall be referred to United States Magistrate Judge North for Report and Recommendation.

New Orleans, Louisiana, this 15th day of April, 2014.


_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**