UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TIMOTHY BOICE-DURANT                                              CIVIL ACTION

VERSUS                                                                        NUMBER: 12-0603

KENNER POLICE DEPT., ET AL.                                  SECTION: "E"(5)

### REPORT AND RECOMMENDATION

Pursuant to a reference from the presiding District Judge (rec. doc. 147, p. 5), the remaining aspects of this case come before the Court for a determination of frivolousness under 28 U.S.C. §1915(e)(2)(B)(i).

In the interest of judicial economy, the Court will forego a complete recitation of the long and tortuous history of this case and will recount only that which is necessary to resolve the matter at hand. This particular matter began on February 2, 2012, when *pro se* Plaintiff, Timothy Boice-Durant, a resident of New York City, presented the above-captioned complaint to the United States District Court for the Southern District of New York for filing. (Rec. docs. 1, 2). Employing a standardized complaint form that is similar to the one provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983 in this District, Boice-Durant named as Defendants in that initial pleading the Kenner Police Department, one "John Doe Tim Durant at Claiborne Ave. Walgreens 8-6-2007 developing assault photos," the Orleans Parish Sheriff's Department, the Thibodaux

Police Department, and Russel Braud. (Rec. doc. 2). In answer to question No. I(A) of that pre-printed complaint form wherein Plaintiff was asked to furnish his name and contact information, Boice-Durant provided his phone number from the New York area followed by the notation "wiretapped." (*Id.* at p. 1). That notation would portend what was to follow.

Citing "RICO" as the basis for the Court's jurisdiction, Plaintiff provided the following statement of claim:

> Kenner Police Dept assisted felon at Claiborne Ave Walgreens 8-6-07 developing pictures sexually assaulting me in Ritz Carlton New Orleans 8-1-07. While felon waited at Walgreens, Kenner PD came to my hotel room 609/619 at Kenner Hilton and beat me in front of head of security and manager. I was removed from hotel for preparing my FTC profile for the federal govt. Dept allowed the felon to stay in my room destroying hotel video of the events and billed it to my bankcard. On Feb 1, 2008 the CIA cleared me of any use of digital electronics or cellular. Feb 18, 2008, I purchased an envelope at 12008 Perkins Rd, Baton Rouge to send evidence to FBI. Dept sent felon from 8-6-2007 events to pharmacy to pick up scripts billed to my insurance and presented falsified May 2006 passport before going to Platteville post office to remove FBI mail Feb 18, 2008. Package post marked in fraud to dup FBI Feb 19, 2008 at Prairieville post office.
>
> Felon wiretapped my home phone 985-449-1193 and conducted a falsified FBI investigation by dialing into Oprah Winfreys switchboard Feb 20, 2008. Falsified FBI documents wrapped in a brown paper bag was sent to me at my post office box in New Orleans. Director of the FBI is in custody of the falsified documents. Case has been removed from FBI computers. Packaging is in USPS Postal Inspectors Houston, all to be supoened for court. Request in the form of a federal appeal to Chief Counsel of USPS was also removed from headquarter computers. The request was to use meter number on postage stamp for orders of restraint.
>
> The Presidents office is pulling lost and stolen passport forms for passport issued May 2006 for aided and abetted felon.
>
> Electronic recordings to have me arrested have been submitted to the NYPD. (Rec. doc. 2, pp. 3-4).

Following the foregoing recitation of "facts," Plaintiff set forth a listing of exhibits. (Rec. doc. 2, p. 5). In terms of relief, Plaintiff requested $75,000,000 in monetary damages and the ". . . release of [the] aided and abetted name to [the] NYPD Commissioner." (*Id.* at p. 6).

By order dated February 15, 2012, the case was transferred from the Southern District of New York to this District. (Rec. doc. 4). Plaintiff was subsequently granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. §1915. (Rec. doc. 6). Motion practice resulted in the dismissal of Plaintiff's claims against the Kenner Police Department, the Orleans Parish Sheriff's Department, and the Thibodaux Police Department. (Rec. docs. 27, 31).

On May 2, 2013, without having been granted leave to do so under Rule 15(a), Plaintiff filed an amended complaint in which he added some fifteen individuals as Defendants. (Rec. doc. 53). Suffice it to say that that pleading runs far afoul of the "short and plain statement" requirement of Rule 8(a) of the Federal Rules of Civil Procedure, as it consisted of a confusing and largely unintelligible single-spaced, 45-page document containing a host of rambling allegations that are best characterized as fanciful, fantastic, and delusional. (Rec. doc. 53). Among the more noteworthy allegations in the amended complaint which Plaintiff endeavored to style as a civil RICO action were the following:

[t]he Defendants misuse of the NYPD police radio placed into my residence . . . was used to threaten me as a voter during Hurricane Sandy. The departments used the apparatus which transfers into the building via the fire alarm to sleep drive me (laser's run up into the nasal cavity to prevent sleep).

\* \* \* \* \*

[t]he defendants supplied a pedophile with the Plaintiff's identity, John Doe AKA Timothy Boicedurant/AKA Durant an un-served defendant that the Defendants refuse to turn over to me for proper service of summons.

\* \* \* \* \*

[t]he NYPD radio was used as a monitoring device on me at my gym in NYC and intercepted the email or removed it from Homeland Security Headquarters computer.

\* \* \* \* \*

[t]he defendants tried to have the Plaintiff murdered as a candidate of the Foreign Service in crosswalks by oncoming traffic.

\* \* \* \* \*

[t]he defendants used the police radio to physically remove almost 50 pounds of fluid/25 percent of the Plaintiff's body weight, from a 165 pound male to . . . 120 pounds in 90 hours.

\* \* \* \* \*

[t]he officers, used unwarranted electronics surveillance to drop the Plaintiff into an induced sleep, brought him out of the trance for five seconds to see his rapist's face and returned him to the trance.

\* \* \* \* \*

[t]he Kenner police arrived at my hotel, close fist beat me in front of hotel staff while the John Doe AKA Timothy Boicedurant developed assault photos ejaculating on the Plaintiff while in [an] induced trance at the Ritz Carlton [on] New Orleans August 1, 2007.

\* \* \* \* \*

4

> [t]he use of constant bioradar to my forehead has left me with a condition diagnosed as aphasia.

> \* \* \* \* \*

> [t]he enterprise uses the police radio placed into the fire command centers of every building I enter to perform laser incisions and surgery to cause scarring and permanent hairloss. Their goal is to prevent success in real estate sales which depends a lot on looks in Manhattan. The enterprise has used the police radio to remove all of my dental work with high har[m]ful radiation.

> \* \* \* \* \*

> Braud is caught filming porno on my breakfast counter . . . in 2007 and 2008. The obscene matter was sent to the US Postal Inspector in Charge for group sex on my breakfast counter.

> \* \* \* \* \*

> [t]he departments have placed visceral fat around my mid section which destroys internal organs.

> (Rec. doc. 53, pp. 2, 3, 5, 6, 11, 12, 23, 24, 30).

In the months following the filing of the first amended complaint, Boice-Durant filed various and sundry motions, including a "motion to intervene and motion to set trial." (Rec. doc. 99). In that motion, Plaintiff alleged that "[t]raffic lights in NYC are manipulated to "GO" from both directions so that the plaintiff is struck by oncoming traffic in NYC crosswalks." (*Id.*). He thus sought ". . . an order urging the Defendants to reconsider use of the NYPD radio to intimidate and cause harm . . ." (*Id.*). By way of a subsequent "motion to inform the Court", Plaintiff purported to provide the Court with ". . . photos of how unwarranted surveillance [was] placed upon the Plaintiff [to] render him incapable of recalling the simplest of procedures," one of which was a photo of ". . . bio-radar being

applied to frontal and occipital lobes while ear canals are seal[ed] off and imagery being fired into the right eye while at his college trying to study [in] January 2014." (Rec. doc. 125).

More recently, Plaintiff's claims against four of the named Defendants were dismissed for failure to prosecute. (Rec. doc. 129). Further motion practice resulted in the dismissal of Plaintiff's claims against Kenner Police Chief Steve Caraway and Orleans Parish Sheriff Marlin N. Gusman. (Rec. doc. 147). In the wake of those dismissals, that leaves remaining in this case the following Defendants: Todd Gagnard, Lance Percle, Christopher Bourg, Christopher Bryan, Jamie Fontenot, Brian Rhodes, Scott Silveri, Luz Merlo, and Russel Braud. The first seven of those Defendants have joined in a motion to dismiss which remains pending. (Rec. doc. 146). Also pending are Plaintiff's motion for leave to file a second amended complaint and his motion for reconsideration of the order dismissing Chief Caraway and Sheriff Gusman. (Rec. docs. 145, 148). In the second motion to amend, Plaintiff argues that a FOIA request to the President's Office of Management and Budget ("OMB") ". . . has confirmed [the] imposed and un-warranted surveillance on the Plaintiff" by virtue of the fact that the OMB has no record of a number of e-mails that he purportedly sent to the President, one of which was allegedly transmitted from his cellphone while riding in a private vehicle. (*Id.*). To a great extent, the proposed second amended complaint tracks the language of Plaintiff's first amended pleading except for the additional allegation that "[t]he Defendants were using an un-authorized law enforcement apparatus to sodomize him in the vehicle." (Rec. doc. 145-2, p. 9). Plaintiff has also increased his request for damages by $45,000,000 to a total of $49,896,000. (*Id.*). With the exception of

6

those changes, the second amended complaint, like the original, is a lengthy, largely incomprehensible document that suggests a far-flung and fantastic global conspiracy against Plaintiff and others. (*Id.*).

Rule 8(a) of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The purpose of the "short and plain statement" requirement is principally to give the Defendants fair notice of the claim and the grounds upon which it rests. *Boudeloche v. Grow Chemical Coatings Corp.*, 728 F.2d 759, 761-62 (5th Cir. 1984); *In Re Santa Barbara Like It is Copyright*, 94 F.R.D. 105 (D. Nev. 1982). A complaint which violates Rule 8 may be dismissed when it is ". . . so verbose, confused and redundant that its true substance, if any, is well disguised." *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir.), *cert. denied*, 382 U.S. 966, 86 S.Ct. 458 (1965); *Young v. Marriott Corp.*, No. 92-CV-3318, 1992 WL 329531 (E.D. La. Oct. 29, 1992); *Dandridge v. U.S. Dept. of Justice*, No. 92-CV-3209, 1992 WL 314980 (E.D. La. Oct. 19, 1992); *Lowery v. Hauk*, 422 F.Supp. 490, 491-92 (C.D. Cal. 1976).

In addition, Section 1915(e)(2)(B)(i) provides that a district court <u>shall</u> dismiss an IFP at any time it is determined that the action is frivolous. A complaint brought IFP is subject to dismissal ". . . if it lacks an arguable basis in law or fact." *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994). A complaint lacks an arguable basis in fact and is thus factually frivolous when the allegations are fanciful, fantastic, and delusional or when they ". . . rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-

7

33, 112 S.Ct. 1728, 1733-34 (1992). *See also Flores v. U.S. Attorney General*, 434 Fed.Appx. 387 (5th Cir. 2011); *Raz v. J.R. Oakes*, 48 Fed.Appx. 481 (5th Cir. 2002); *Medley v. City of Amarillo*, 198 F.3d 241 (5th Cir. 1999); *Bailey v. M.A.L.D.E.F., Inc. of Texas*, 51 F.3d 1042 (5th Cir. 1995).

The Court's independent research has revealed that, in addition to the above-captioned matter, Plaintiff has initiated six other lawsuits in the Southern District of New York which were dismissed as frivolous, duplicative of other frivolous litigation, or otherwise violative of the strictures of Rule 8. As will be shown below, many of those lawsuits were against some of the same individuals who are named as Defendants herein and contained strikingly similar allegations. In *Boice-Durant v. Orleans Parish Sheriff Dept./Gusman, et al.*, No. 11-CV-5410 "PGG" (S.D.N.Y.), Plaintiff sued, *inter alia*, the Orleans Parish Sheriff's Department, Sheriff Gusman, the Kenner Police Department, Chief "Calloway," the Thibodeaux Police Department, one "Silveri," Luz Merlo, and Russel Braud, alleging that various individuals and entities primarily located in Louisiana had harassed him; that the Defendants had placed 40 pounds of visceral fat around his midsection; and, that the Defendants had fraudulently obtained his confidential information, kidnapped him to acquire his identity, sexually assaulted and raped him while holding him after the kidnapping, stalked him internationally, used electronic surveillance and wiretapping to monitor his activities, and intercepted his mail. Finding that ". . . Plaintiff's factual contentions appear to be the product of delusion or fantasy," the Southern District dismissed Plaintiff's lawsuit without affording him leave to amend. *Boice-Durant*, No. 11-CV-5410, rec. doc. 4. Plaintiff's appeal of that dismissal was subsequently dismissed by the

United States Court of Appeals for the Second Circuit under §1915(e) as lacking an arguable basis in law or fact. *Boice-Durant v. Orleans Parish Sheriff Dept., et al.*, No. 11-3873 (2nd Cir. Apr. 2, 2012)(unpublished order).

In *Boice-Durant v. Louisiana Ethics Board, et al.*, No. 11-CV-6895 "PGG" (S.D.N.Y.), Plaintiff sued, among others, two separate "John Does" masquerading as himself under the Freedom of Information Act and the Prison Rape Elimination Act, alleging that he had been kidnapped, raped, and beaten by Louisiana police officers, that various Defendants acted in concert to allow a felon to steal his identity and stalk him in South Africa, and that law enforcement officials improperly transmitted information about him, interfered with his complaints of police brutality, deposited fat on his midsection, and left him comatose during a hurricane. The Southern District found that Plaintiff's complaint was essentially the same as that presented in No. 11-CV-5410 except that a "John Doe" Thibodaux police officer had been determined to be Italian-American rather than Latino. Citing Rule 8 and the duplicative and implausible nature of Plaintiff's claims, the Southern District again dismissed Plaintiff's complaint without leave to amend and certified that any appeal would not be taken in good faith. *Boice-Durant*, No. 11-CV-6895, rec. doc. 9.

Plaintiff next initiated *Boice-Durant v. Louisiana State Police, et al.*, No. 12-CV-0805 "LAP" (S.D.N.Y.), on behalf of himself and all passengers on board Delta Flight #1067 on August 17, 2008, asserting claims under 18 U.S.C. §245, the criminal civil rights statute which proscribes interference with federally protected activities. Among the Defendants that were named in that proceeding were the Thibodaux Police Department, the Orleans Parish Sheriff's Department, the Kenner Police Department, and Russel Braud. There,

9

Plaintiff complained that unwarranted electronic surveillance had been transferred from a car with Louisiana license plates to the Delta plane and then to a taxi cab in which he was riding in San Francisco. Plaintiff further alleged that he had been unable to work since 2006, including work as a real estate agent, because every computer that he was around had been compromised. Citing Rule 8, the Southern District Court found that Plaintiff's complaint "... fail[ed] to allege any comprehensible claim," dismissed it as frivolous and for failure to state a claim under §1915(e)(2)(B)(i) and (ii), and certified that any appeal would not be taken in good faith. No. 12-CV-0805, rec. doc. 4. No appeal of that dismissal was sought.

Subsequent to the transfer of this case from the Southern District of New York, Plaintiff brought the lawsuit entitled *Boice-Durant v. Swick, et al.*, No. 12-CV-0947 "LAP" (S.D.N.Y.), asserting violations of the Geolocational Privacy and Surveillance Act and RICO. Plaintiff alleged that a NYPD radio had been used by the Defendants to remove an FBI investigation involving fraud and surveillance of computers and persons affiliated with him, that he and President Obama were referenced in New York radio transmissions, and that the FCC was investigating the possibility of induced illness via police radio and unwarranted surveillance. Plaintiff's alleged injuries included the removal of dental work, a receding hair line, his right shoulder being lower than his left, ear bleeding, hair growing under his skin, a brain tumor, and sleep problems for which he sought the opening of a treason investigation by the President and $5,000,000 in damages. Like Plaintiff's other lawsuits, the Southern District of New York dismissed this one as frivolous and for failure to state a claim under §1915(e)(2)(B)(i) and (ii), denied Plaintiff leave to amend his

complaint, and certified that any appeal would not be taken in good faith. No. 12-CV-0947, rec. doc. 4. No appeal was sought.

In *Boice-Durant v. John Doe IP Address Submitting Payment for OPAYNEWORLEANS Traffic Court Receipt Number 565148 With Police Radio 6/20/05, Confirmed Unwarranted Surveillance During Hurricane Katrina, et al.*, No. 13-CV-0158 "LAP" (S.D.N.Y.), Plaintiff alleged that unknown Defendants were conducting unwarranted surveillance of him to intimidate him because he voted for President Obama in 2012. Once again, the Southern District dismissed Plaintiff's suit under §1915(e)(2)(B)(i), noting the three other suits that had previously been dismissed as frivolous and warning him that the further filing of baseless litigation may result in the issuance of an order barring him from filing any new actions IFP without prior court approval. No. 13-CV-0158, rec. doc. 3. There was no appeal of that dismissal.

Finally, in *Boice-Durant v. Mayor of New Orleans, Mitch Landrieu, et al.*, No. 13-CV-1376 "LAP" (S.D.N.Y.), Plaintiff sued Mayors Landrieu, Eschette, and Yenni in addition to Louisiana State Police Undersecretary Jill Boudreaux and "John Doe 'Tabor/Percle' Connection Issued Boicedurant Identity" alleging, *inter alia*, that the Defendants had prevented him from working through the sale of his identity to the John Doe Defendant, that unwarranted surveillance and medical instrumentation had deprived him of sleep, that "bioradar" had been used on him while administering dialysis, and that traffic lights in New York City had been manipulated in an attempt to have him run over. This lawsuit, too, was summarily dismissed as frivolous, Plaintiff's five other lawsuits that were previously dismissed as such were noted, and he was again admonished about his continued pursuit of

11

meritless litigation. No. 13-CV-1376, rec. doc. 4. Almost one year after the case had been dismissed, Plaintiff filed a "motion requesting transfer to adjoin," asking that the matter be transferred here for possible consolidation with the above-captioned matter. No. 13-CV-1376, rec. doc. 6. On March 31, 2014, the Southern District denied Boice-Durant's motion, directed the Clerk of that Court to accept no further submissions from Plaintiff in that case save an appeal, and certified that any such appeal would not be taken in good faith. No. 13-CV-1376, rec. doc. 7.

It is against the backdrop of the foregoing history of frivolous litigation that the merits *vel non* of the instant matter are best be viewed. Indeed, the present lawsuit is a veritable gumbo of the allegations that Plaintiff has serially (and unsuccessfully) advanced in the six lawsuits that he initiated in the Southern District of New York, all of which have been summarily dismissed as frivolous or violative of Rule 8. In that regard, the Fifth Circuit has held that "... IFP complaints may be dismissed as frivolous [or malicious] pursuant to [former] §1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir.), *cert. denied*, 493 U.S. 969, 110 S.Ct. 417 (1980)(citing *Bailey v. Johnson*, 846 F.2d 1019 (5th Cir. 1988)). Principles of *res judicata* serve to bar all claims that were brought or could have been brought based on the same operative factual nucleus. *McGill v. Juanita Kraft Postal Service*, No. 03-CV-1113, 2003 WL 21355439 at *2 (N.D. Tex. June 6, 2003), *adopted*, 2003 WL 21467745 (N.D. Tex. June 18, 2003). A complaint is thus malicious and subject to dismissal under 28 U.S.C. §1915(e)(2)(B)(i) "... when it 'duplicates allegations of

another pending federal lawsuit by the same Plaintiff' or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation." *Id*. (quoting *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993)). The privilege of proceeding IFP at government expense does not entitle a plaintiff to a second (or third, or seventh) ". . . bite at the litigation apple . . . ," particularly as respects such far-fetched and delusional allegations as those presented herein. *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). The duplicative nature of Plaintiff's implausible ramblings provides an additional basis for the dismissal of this suit.

The District Judge has previously determined that ". . . Boice-Durant's complaint . . . fails to state any comprehensible or plausible claim for relief against Chief Caraway or Sheriff Gusman under RICO" but instead ". . . contains mere labels and conclusions regarding the nature of the relationship between the Defendants . . ." which fails to ". . . provide a comprehensible factual basis for relief under RICO." (Rec. doc. 147, pp. 3-4). That same reasoning and conclusion apply with equal force to the Defendants remaining in this case. Plaintiff's allegations in this case are not markedly different from those presented in *Flores*, 434 Fed.Appx. 387 ("certain executive employees of the federal government . . . are using advanced technology with a direct signal to the satellite in outer space . . . caus[ing] . . . organ failure, brain damage, impairment of body functions, and death"), in *Raz*, 48 Fed.Appx. 481 (". . . a long lasting and pervasive conspiracy involving the FBI, these defendants, and many others, to spy on, harass, and persecute him for no apparent reason"), in *Medley*, 198 F.3d 241 (". . . allegations regarding the officers' and deputies' alleged use of devices which detached his 'Achilles heels' at a distance of 30 to 40

13

feet, and the alleged use of an electronic device to scan his neck for a transponder placed under his skin for identification purposes, . . ."), and in *Bailey*, 51 F.3d 1042 (". . . baseless allegations of [a] far-reaching conspiracy initiated by Mexican-Americans to discriminate against him . . ."), all of which were found to be fanciful, fantastic, and delusional and thus factually frivolous under §1915(e)(2)(B)(i).  Moreover, on no less than six prior occasions, the Southern District of New York readily determined that Plaintiff's allegations of a far-reaching conspiracy of global proportions were the product of delusion or fantasy and were thus subject to dismissal under §1915(e)(2)(B)(i) and (ii).  To the extent that Plaintiff simply repeats those allegations here, dismissal as malicious under §1915(e)(2)(B)(i) is appropriate as well.  The fact that Plaintiff attempts to cast his allegations in terms of a RICO violation does not breathe reality into their otherwise implausible and wholly incredible nature.  Accordingly, it will be recommended that Plaintiff's lawsuit be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii) and that the motions that are pending in this case be dismissed as moot.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed as frivolous, malicious, and for failure to state a claim upon which relief can be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii) and that the motions that are pending in this case be dismissed as moot.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of

plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 16th day of May, 2014.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE